[Civ. No. 5915. First Appellate District, Division One.—December 20, 1927.]

W. J. ANWAY, Respondent, v. LOMBARDI BROS., Appellant.

F. N. Foley and C. J. Creegan for Appellant.

Louis Oneal and S. F. Holstein for Respondent.

TYLER, P. J.—Action for damages for the negligent operation of an automobile.

The complaint alleges in substance that on or about the twenty-first day of May, 1926, plaintiff, through his agent, was driving a funeral hearse in a northerly direction on the public highway known as the San Francisco highway, in the county of San Mateo, and was driving and operating said hearse across the highway and entering into the driveway of the Masonic Cemetery on the west side of said highway; that at the same time and place defendants were driving their automobile truck in a southerly direction and that the same was operated in such a careless, negligent, and reckless manner as to cause it to collide with the automobile hearse of plaintiff, thereby damaging and injuring the hearse in the sum of $343.95. That by reason of such negligence plaintiff was compelled to place said hearse in a shop for repair and was deprived of the use of the same for twenty-eight days, to his further damage in the sum of $92.50. Judgment was prayed for in these amounts. Defendant denied the allegations of the complaint and for a second defense pleaded contributory negligence on the part of plaintiff's driver. The case went to trial on these pleadings without a jury. The trial court found in favor of plaintiff and against the defendants upon both issues and gave judgment in favor of plaintiff for the sum of $436.35 principal and $27.50 costs. From this judgment

and from an order denying a new trial this appeal is taken. In support thereof defendants raise two questions, viz.: (1) That the evidence is insufficient to justify the decision of the court, and (2) That the decision is against law. There is no merit in either contention. In conformity with the evidence the trial court found that on the day in question plaintiff's hearse was being driven in a northerly direction on the right side of the highway and when at a point near the entrance to the Masonic Cemetery, located on the west side of said highway, plaintiff's driver gave a signal with his left hand, indicating that he intended to turn, which signal was according to law and was plainly visible to the drivers of other vehicles upon said highway; that after said signal was given, the hearse driver in a careful and prudent manner turned the said hearse to the left and drove the same across the highway and commenced to enter into the driveway of the cemetery; that defendant at that time and place was operating an automobile truck, belonging to defendants, in a southerly direction on said highway at a point where plaintiff's hearse was commencing to enter the driveway of the cemetery on the west side of the highway; that defendants so carelessly, negligently and recklessly drove their automobile as to cause the same to collide with the hearse belonging to plaintiff to his damage as alleged and that as a result thereof plaintiff was compelled to place the same in a shop for repairs, where it remained for a period of six weeks, causing damage to plaintiff in the further sum of $92.50 by reason of the deprivation of its use. It further found against defendants upon their separate defense of contributory negligence.

Upon the claim of the insufficiency of the evidence to justify the judgment appellants argue that plaintiff failed to make out a *prima facie* case in that he failed to show affirmatively that his driver had complied with certain requirements of the Motor Vehicle Act (Stats. 1925, p. 398), and particularly with the requirement as to how and in what manner a signal should be given. It is insisted that the evidence shows that the signal was given by the driver of the hearse with his *hand* and not with his *hand and arm* as provided for in the act. This objection is hypercritical. There is abundance of evidence in the record to show that plaintiff's driver gave the requisite signal. It is true that

684

the testimony shows that his signal was given with his hand, but the record also shows that the manner in which it was given was illustrated by the driver to the court and it was found that the signal as given was according to law. ■ Moreover, there is testimony to show that defendants' driver admitted immediately after the collision that he had seen the signal. Under these circumstances it is manifest there is no merit in this objection. This conclusion renders unnecessary a discussion of the further objection that plaintiff's driver did not maintain his signal for a sufficient distance. Further discussion of the evidence would answer no useful purpose. It is amply sufficient to support the findings of the trial court that defendants' driver negligently operated his truck, and supports plaintiff's theory that the collision was caused by defendants' driver attempting to cut in ahead of the hearse when it had commenced to enter the cemetery.

The judgment and order are affirmed.

Knight, J., and Cashin, J., concurred.